# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Prime AZ/Libra LLC, et al., | No. CV-19-01291-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Fidelity National Title Insurance Company, | |
| Defendant. | |

Before the Court is Special Discovery Master Christopher M. Skelly's Report and Recommendation ("R&R") (Doc. 83) on Fidelity's motion to compel (Doc. 69). The Court has considered the R&R, along with Fidelity's objections (Doc. 88) and the FDIC-R's response thereto (Doc. 92). Fidelity objects to the portion of the R&R finding that Paragraph 19 of the Protective Order (Doc. 54) is determinative of and defeats Fidelity's argument that the FDIC-R waived its privilege objections. Fidelity's objections are overruled.

First, Paragraph 19 applies even though the documents at issue were not initially designated as confidential. Paragraph 3 of the Protective Order explains: "The failure to designate any Confidential Material . . . shall not constitute a waiver by any Party or producing non-party of the right to assert that such Information contains or includes protected Confidential Material. In the event that any Party or non-party produces Confidential Material without designating it as such, any Party or non-party may notify the

receiving Parties that the Information should have been designated Confidential Material, and the Parties will treat the Information as Confidential Material under this Protective Order." (*Id.* at 4.) This is sensible, considering a party who *inadvertently* produces privileged information necessarily would not be aware of the confidential nature of the information at the time it is produced.

Second, Fidelity's argument that the Special Discovery Master could and should have modified the Protective Order so that the FDIC-R could not avail itself of the non-waiver provisions is not well-taken. The parties mutually agreed to the terms of the Protective Order and it would be prejudicial to modify those terms after the FDIC-R has acted in reliance on them. The Special Discovery Master did not err or otherwise abuse his discretion in applying the Protective Order as written.

Accordingly,

**IT IS ORDERED** that the Special Discovery Master's R&R (Doc. 83) is **ADOPTED** and Fidelity's motion to compel (Doc. 69) is **GRANTED IN PART AND DENIED IN PART** as explained in the R&R.

Dated this 27th day of July, 2020.

Douglas L. Rayes
United States District Judge