**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Prime AZ/Libra LLC, et al., | No. CV-19-01291-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Fidelity National Title Insurance Company, | |
| Defendant. | |

At the January 20, 2022, oral argument, the Court ruled on numerous motions, including Plaintiffs Prime AZ/Libra LLC and Federal Deposit Insurance Corporation's motions for summary judgment (Docs. 106 and 150), Defendant Fidelity National Insurance Company's motion for judgment on the pleadings (Doc. 120), and Defendant's motion for summary judgment (Doc. 149). The Court made many findings, including that Defendant is estopped from asserting certain coverage defenses. Defendant now seeks reconsideration of the Court's estoppel ruling (Doc. 178). As explained below, Defendant's motion is denied.

**I.   Background**

The Court found that the July 10, 2012 letter from Defendant's Claims Attorney, Candi Chadwick, addressing the coverage defenses Defendant seeks to raise here (Doc. 106-8 at 21-23), was an acceptance of coverage of those claims. In relevant part, the letter stated:

> Markham also maintains that it should have received any additional bid monies as a result of the credit bid exceeding the equitable subrogation/replacement amount. . . . As these allegations also pertain to the priority of the Insured Deed of Trust, they are also covered under the policy.

*(Id.* at 22.)

The Court found this language was an unequivocal representation of coverage and that Plaintiffs, relying on those coverage representations and pursuant to the policy's cooperation clause, stepped aside and allowed Defendant to control the litigation in Plaintiffs' names. A judgment awarding years of accumulated attorney's fees and equaling many times the amount of the original claim ultimately was rendered against Plaintiffs. The Court found that Plaintiffs were prejudiced when, in reliance on Defendant's representations of coverage, they believed they had insurance protection from an adverse judgment. Further, the Court found that Defendant's changed coverage position prejudiced Plaintiffs because Plaintiffs gave up the opportunity to protect themselves by settling with the lienholder. (Doc. 177 at 59.) The Court therefore concluded that Defendant is estopped from raising coverage defenses.

## II.     Legal Standard

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner,* 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.,* 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration ordinarily will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g). Further, the motion must "point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order." *Id.* Finally, "[n]o motion for reconsideration . . . may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in

the Order." *Id.*  The court may deny a motion for reconsideration if it fails to comply with these rules.  *Id.*

**III.   Discussion**

Defendant seeks reconsideration of one element of the Court's estoppel ruling—the finding that reasonable jurors could not disagree that Plaintiffs suffered prejudice.

When a carrier accepts coverage for a claim, the insured must allow the carrier to control the litigation and the insured may not negotiate a settlement because it would be a breach of the policy's cooperation clause.  *United Servs. Auto Ass'n v. Morris*, 741 P.2d 246, 250 (Ariz. 1987).  "[B]y defending all claims the insurer obtains the advantage of exclusively controlling the litigation.  This control allows the insurer to obtain a fair adjudication of its liability and to protect itself against the possibility of an insured colluding with the injured party to the prejudice of the insurer."  *Id.*

Defendant's motion for reconsideration primarily seeks a ruling that it, and not the Plaintiffs, are entitled to summary judgment on the issue of estoppel.  Defendant argues that Plaintiffs failed to produce any evidence of their prejudice in their motion for summary judgment.  Because evidence of prejudice is an essential element of estoppel, Defendant contends the Court's estoppel conclusion is not justified by the evidence and is manifestly erroneous.  Defendant's argument on this score is threefold.

First, Defendant argues that the Court committed manifest error by considering evidence presented in support of Plaintiffs' response to Defendant's motion for summary judgment.  Defendant argues that, when ruling on Plaintiff's motion for summary judgment, the Court could consider only facts presented in support of Plaintiffs' motions for summary judgment. (Doc. 178 at 11-13.)  The Court disagrees.  "Where the parties file cross-motions for summary judgment, the court must consider each party's evidence, regardless under which motion the evidence is offered."  *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532 (9th Cir. 2011).  Here, Defendant's acceptance of coverage and whether it should be estopped from denying coverage permeated the motions for summary judgment on both sides.  The Court cannot ignore arguments raised

and evidence presented in a pending motion that is outcome determinative to another pending motion involving the same parties. In ruling on Plaintiffs' motions for summary judgment, the Court correctly considered evidence and arguments made in Plaintiffs' response to Defendant's motion for summary judgment, even though those arguments were not made in Plaintiff's motions for summary judgment.

Second, Defendant argues that Plaintiffs presented no evidence to support the prejudice element of their estoppel argument. However, the record shows that Plaintiffs argued prejudice in their opposition to Defendant's motion for summary judgment (Doc. 165 at 5). Plaintiffs argued that, because Defendant accepted the claim without reservation, they left the litigation strategy and the settlement decisions entirely in the hands of Defendant, as required the cooperation clause. Plaintiffs claimed that they did not settle with Markham because of their obligation under the policy. In making that argument, Plaintiffs referenced the deposition of Kent Hill, Plaintiffs' Federal Rule of Civil Procedure 30(b)(6) designee, who testified that it was his belief that Plaintiffs did not settle with Markham, the claimant, "because Fidelity had accepted coverage, and as was their right under the policy was defending, and it would have been inappropriate for us to negotiate with Markham directly." (Doc. 165-3 at 7.)

Third, Defendant argues that Hill's testimony should not be considered because it is inadmissible hearsay. (Doc. 186 at 7-9.) Hill's testimony was cited by Plaintiffs in support of their prejudice arguments in their response to Defendant's motion for summary judgment (Doc. 165 at 5-6). Local Rule of Civil Procedure 7.2(m)(2) provides:

> Objections to Admission of Evidence on Written Motions. An objection to (and any argument regarding) the admissibility of evidence offered in support of or opposition to a motion must be presented in the objecting party's responsive or reply memorandum and not in a separate motion to strike or other separate filing. If the underlying motion is a motion for summary judgment, an objection may be included in a party's response to another party's separate statement of material facts in lieu of (or in addition to) including it in the party's responsive memorandum, but any objection in the party's response to the separate statement of material facts must be stated summarily without argument. Any response to an objection must be included in the responding party's reply

>memorandum for the underlying motion and may not be presented in a separate responsive memorandum.

No hearsay objection was raised in Defendant's reply. The time to raise an evidentiary objection to evidence relied on in a response to a motion for summary judgment is in the reply to that response, not later, after the Court has ruled on the motion, in a reply in support of a motion for reconsideration. Defendant's hearsay objection therefore has been waived.

Even if Defendant is not entitled to summary judgment on the estoppel issue, Defendant alternatively argues that the issue of prejudice, at a minimum, presents a question of fact. The Court determined that, had Plaintiffs understood they were being defended under a reservation of rights, they would have taken measures to protect themselves, such as settling or entering into a *Morris* agreement. Defendant argues that Plaintiffs' counsel made statements at oral argument undermining the basis of the Court's findings, and that these statements should be considered judicial admissions creating questions of fact.

Addressing an argument for finding judicial admissions stemming from statements of counsel made during oral argument on a motion for summary judgment, the district court in *In re Twitter, Inc. Securities Litigation,* No. 16-cv-05314-JST, 2020WL 5904407, at *2 (N.D. Cal. Oct. 6, 2020) stated:

>Plaintiffs are correct that an attorney's statements during oral argument may constitute a judicial admission that can serve as evidence at trial. However, such statements constitute judicial admissions only if they are deliberate, unambiguous, and unequivocal. Here, counsel's extemporaneous statement in response to a leading question from the Court does not satisfy these criteria. Given counsel's lack of opportunity for reflection, the fact that the statement came in response to the Court's leading question, and the informal nature of the proceedings, the Court declines to exercise its discretion to treat the statement as a judicial admission.

(Internal quotations and citations omitted.) Likewise, here the statements of counsel came in response to the Court's questions and in the informal proceedings of oral argument with no opportunity for reflection. Whether the statements of counsel qualify as the type of statements that amount to judicial admissions is, at best, questionable. *See U.S. v. Blood*,

806 F.2d 1218, 1221 (4th Cir. 1986).  However, if they could qualify, the Court, for the same reasons stated in *In re Twitter*, declines to exercise its discretion to treat them as judicial admissions.

**IV.    Conclusion**

Having found no clear error in its rulings on the parties' cross-motions for summary judgment, nor that the initial decisions were manifestly unjust,

**IT IS ORDERED** that Defendant's motion for reconsideration (Doc. 178) is **DENIED.**

Dated this 6th day of April, 2022.

Douglas L. Rayes
United States District Judge